UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                           PLAINTIFF

v.                                        No. 2:16-CR-20022

TERRANCE QUARTEZ JARRETT                                                          DEFENDANT

## ORDER

Before the Court is Defendant's motion (Doc. 96) for compassionate release pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c).  Mr. Jarrett proactively filed an addendum (Doc. 100) upon discovering that his proposed release arrangements were no longer likely to assist in transitioning from custody to supervision.  The Government has requested an extension of time to respond, but no response is necessary.  The motion will be denied.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification.  18 U.S.C. § 3582(c).  In this case, the § 3553(a) factors do not support modification.

Mr. Jarrett was sentenced on July 19, 2017 to a term of imprisonment of 180 months.  The Court varied downward from the recommended sentence, recognizing several reasons for doing so.  Among those mitigating factors noted by the Court were Mr. Jarrett's impoverished childhood, lack of parental guidance, and early drug addiction.  Most relevant to the instant motion, the Court also noted that preceding the offense of conviction, Mr. Jarrett had refrained from felony offenses for a substantial time.  These mitigating factors were weighed against aggravating factors, however, including Mr. Jarrett's substantial criminal history (which resulted in a determination

1

under the guidelines that he was a career offender) and his failure to avoid recidivism while on parole.  The Court also noted the firearms-possession in connection with this offense.  Ultimately, the Court determined that any additional downward variance was not warranted after a consideration of the sentencing factors.

In support of his motion, Mr. Jarrett has attached a letter from his BOP correctional counselor attesting to the strides Mr. Jarrett has made toward rehabilitation while in BOP custody. Mr. Jarrett has also attached a reference from the electrical foreman at his facility, who states that Mr. Jarrett has been successful as an electrical apprentice.  The Court commends Mr. Jarrett on his progress while in BOP custody, but even after having considered these additions to the record, the Court does not believe the § 3553(a) factors justify a sentence modification at this time.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 96) is DENIED.  It is further ordered that the Government's motion (Doc. 99) is TERMINATED AS MOOT.

IT IS SO ORDERED this 24th day of August, 2020.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE